GEORGE C. MANLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11266.    Promulgated April 5, 1927.

*George C. Manly* pro se.
*W. H. Lawder, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency of less than $10,000 in income taxes for the calendar year 1919. The deficiency results from the disallowance by the Commissioner of the

deduction of $9,000 claimed by petitioner for the year 1919. No evidence was submitted at the hearing and the appeal was submitted upon the petition and answer.

### FINDINGS OF FACT.

The petitioner is an individual residing at Denver, Colo., and is by occupation a lawyer and law professor, whose practice is specialized in the oil and mining business. The returns of this petitioner filed since 1913 were made upon the basis of cash receipts and disbursements.

During the year 1917 the petitioner received certain shares of the stock of the Western States Oil & Land Co. as a fee for legal services. Portions of said stock were sold by the petitioner in the years 1917 and 1918 and the profits on said sales were reported by the petitioner in his returns for those years.

In the year 1919 the Western States Oil & Land Co. increased its capital stock from $100,000 to $1,000,000, consisting of 1,000,000 shares of the par value of $1 each, giving to the holders of the old stock the right to purchase new stock at the rate of 90 cents per share. The petitioner purchased 10,000 shares of the new stock for $9,000, which he seeks to deduct as an amount " necessarily expended during the year 1919 in the protection and preservation of a business asset."

### OPINION.

VAN FOSSAN: The petition contains much that is immaterial and irrelevant and is argumentative in character. The allegations of fact are indefinite, confusing and ill-designed clearly to present the question at issue. No evidence was submitted at the hearing and such facts as we have are those set forth in the petition and admitted in the answer.

The facts disclose no basis upon which the deduction claimed can be allowed. Section 214 of the Revenue Act of 1918 enumerates the classes of deductions that may be allowed in computing net income, none of which cover the deduction here claimed. The purchase by the petitioner of additional stock in 1919, although he may have considered such purchase desirable or even necessary to retain his proportionate interest in the corporation, was a capital investment and was in no sense a loss.

*Judgment will be entered for the respondent on 15 days' notice, under Rule 50.*